# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MIKE O'LAUGHLIN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:13cv2091 TCM |
| ) | |
| O. LEE, LLC, d/b/a Drain ) | |
| Surgeons, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Mike O'Laughlin and nine other individuals who are trustees of three employee benefit funds[1] and the Plumbers and Pipefitters Local 562 (hereinafter collectively referred to as "Plaintiffs") filed this action against O. Lee, LLC, doing business as Drain Surgeons, LLC ("Defendant"), under the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 1985, and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(e)(1) and (f). Plaintiffs allege that Defendant has failed to make contributions to the three funds as required by a collective-bargaining agreement ("CBA") between Local 562 and Defendant. Defendant has filed a counterclaim against Plaintiffs, alleging that they have wrongly failed to pay health insurance benefits to an individual, James Von Klemen, in violation of a contract. Plaintiffs move to dismiss that counterclaim.[2]

---

[1]The three funds are the Plumbers and Pipefitters Welfare Educational Fund, the Plumbers and Pipefitters Pension Fund, and the Plumbers and Pipefitters Local 562 Supplemental Pension Plan and Trust. (Am. Compl. ¶ 2, ECF No. 5.)

[2]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

**Background**

Defendant alleges that, after reviewing reports submitted for Von Klemen, Local 562 determined that he had not worked the necessary hours to be eligible for the health insurance benefits provided by Local 562. (Countercl. ¶ 6, ECF No. 13.) Defendant and Local 562 then entered into a contract providing that Defendant would submit revised reports that would make Von Klemen eligible for the health insurance benefits and Local 562, in consideration for the same amount of contributions, would continue to provide him with those benefits. (Id. ¶ 7.) Defendant further alleges that it submitted the revised reports; however, Local 562 has refused to provide the agreed-upon health insurance benefits. (Id. ¶ 8-9.) Defendant argues that, as a result of breach of contract by Local 562, it has "sustained significant monetary damages." (Id. ¶ 10-11.)

Citing Federal Rule of Civil Procedure 12(b)(6), Plaintiffs argue that the counterclaim should be dismissed because (a) insofar as the contract at issue is allegedly with Local 562, claims for its breach must be filed under Section 301 of the LMRA and (b) insofar as the contract at issue is allegedly with the Funds, see note 1, supra, it is preempted by ERISA. (Pl.'s Mem. at 1-2, ECF No. 15.) Defendant counters that the contract at issue is independent of the CBA. (Def.'s Reply at 1, ECF No. 17.)

**Discussion**

When ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion.

**Ashcroft v. Iqbal**, 556 U.S. 662, 678 (2009). The complaint must have "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" **Twombly**, 550 U.S. at 555 (quoting first Fed. R. Civ. P. 8(a)(2) and then Conley v. Gibson, 355 U.S. 41, 47 (1957), abrogated by Twombly, supra) (alteration in original); see also **Gregory v. Dillard's Inc.**, 565 F.3d 464, 473 (8th Cir. 2009) (en banc). If the claims are only possible, not plausible, the complaint must be dismissed. **Twombly**, 550 U.S. at 570; accord **Iqbal**, 556 U.S. at 679. Moreover, in considering a Rule 12(b)(6) motion, the issue is not whether the pleader will ultimately prevail, but whether the pleader is entitled to present evidence in support of the claim. See **Neitzke v. Williams**, 490 U.S. 319, 327 (1989).

The Court will first address Plaintiffs' LMRA argument.

"A state law claim is preempted by § 301 if its resolution 'depends upon the meaning of a collective-bargaining agreement.'" **Holschen v. Int'l Union of Painters & Allied Trades**, 598 F.3d 454, 460 (8th Cir. 2010) (quoting Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 405-06 (1988)). "Section 301(a) of the LMRA vests subject matter jurisdiction in the federal courts for '[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined by this Act, or between any such labor organizations.'" **Miner v. Local 373**, 513 F.3d 854, 860 (8th Cir. 2008) (quoting 29 U.S.C. § 185(a)) (alteration in original). "In its cases on § 301 preemption, the Supreme Court has distinguished those which require interpretation or construction of the CBA from those which only require reference to it. An

otherwise independent claim will not be preempted if the CBA need only be consulted during its adjudication." **Trustees of Twin City Bricklayers' Fringe Benefit Funds v. Superior Waterproofing, Inc.**, 450 F.3d 324, 330 (8th Cir. 2006) (citing Livadas v. Bradshaw, 512 U.S. 107, 124–25 (1994)). Thus, "when liability is governed by independent state law, the mere need to 'look to' the collective-bargaining agreement for damages computation is no reason to hold the state-law claim defeated by § 301." **Livadas**, 512 U.S. at 125.

To show a breach of contract under Missouri law, the pleader "must prove: (1) 'the existence and terms of a contract,' (2) that it 'performed or tendered performance pursuant to the contract,' (3) that [the opposing party] breached the contract, and (4) damages." **Affordable Comties. of Mo. v. Federal Nat. Mortg. Ass'n** 714 F.3d 1069, 1075 (8th Cir. 2013) (quoting Keveney v. Mo. Military Acad., 304 S.W.3d 98, 104 (Mo. 2010) (en banc)). Defendant alleges in its counterclaim that it entered into an agreement with Local 562 that Local 562 would provide health insurance benefits for Von Klemen if Defendant submitted a revised report of his hours. Defendant further alleges that it submitted the report, but Local 562 did not provide the health insurance benefits. And, consequently, Defendant was damaged. This contract was allegedly entered into independent of the parties' CBA. Moreover, at this stage of the proceedings, any allegation that Local 562's inaction was based on the CBA is irrelevant. See **Meyer v. Schnuck Markets, Inc.**, 163 F.3d 1048, 1051 (8th Cir. 1998) (restricting consideration of LMRA preemption to the claims themselves, not the defense of those claims).

ERISA preemption. Plaintiffs next argue that, to the extent the counterclaim is between the Funds and Defendant, it is preempted by ERISA. Plaintiffs correctly note that

"ERISA remedies preempt 'state common law tort and contract actions asserting improper processing of a claim for benefits' under an ERISA plan." **Thompson v. Gencare Health Sys., Inc.** 202 F.3d 1072, 1073 (8th Cir. 2000) (per curiam) (quoting Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 43 (1987)). This, however, is not what Defendant is alleging. Defendant is alleging that Local 562 did not pay for health insurance benefits for an individual after Defendant did what it had agreed with Local 562 was necessary for those benefits to be paid. This allegation, against Local 562, not the Funds, is sufficient to survive a motion to dismiss.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to dismiss Defendant's counterclaim [Doc. 14] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs are granted twenty days from the date of this Memorandum and Order within which to file their answer to the counterclaim.

/s/Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 3rd day of April, 2014.